■ CITY OF NEW YORK, Plaintiff, v GANDHI ENGINEERING, INC., Defendant. GANDHI ENGINEERING, INC., Third-Party Plaintiff-Respondent, v UNICORN CONSTRUCTION ENTERPRISES, INC., Third-Party Defendant-Appellant. [10 NYS3d 17]—

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered on or about October 28, 2014, which, to the extent appealed from, denied third-party defendant Unicorn Construction Enterprises, Inc.'s motion for summary judgment dismissing defendant/third-party plaintiff Gandhi Engineering, Inc.'s contractual indemnification claim against it, unanimously reversed, on the law, without costs, the motion granted and the third-party complaint dismissed. The Clerk is directed to enter judgment accordingly.

Unicorn entered into a contract with the City of New York to perform certain work on the 149th Street bridge over the Long Island Railroad tracks in Queens. Gandhi Engineering was the City of New York's contracted resident engineer on the bridge rehabilitation project, and claims to be a third-party beneficiary of Unicorn's contract with the City. The issue centers on whether Gandhi was an "Other Contractor" within the meaning of Unicorn's contract with the City, which Unicorn must indemnify for any damages arising from its acts or omissions. The indemnification provision relied on by Gandhi Engineering is found in paragraph 12.5.1 of Unicorn's contract. However, Article 12 of the contract, titled "Coordination With Other Contractors," clearly distinguishes between "Other Contractors" and the "Engineer," whose responsibility it is to coordinate the work of Unicorn with "Other Contractors." Accordingly, paragraph 12.5.1, when read in the context of Article 12, does not include Gandhi Engineering as an "Other Contractor" whom Unicorn must indemnify, and Gandhi Engineering is not

a third-party beneficiary of Unicorn's contract with the City. Concur—Friedman, J.P., Saxe, Richter and Manzanet-Daniels, JJ.